```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                    Case No. 96-cr-50-SM-1
                                        Opinion No. 2024 DNH 025
Stephen G. Burke

## O R D E R

Stephen G. Burke moves for compassionate release, under 18 U.S.C. § 3582(c)(1), from life sentences imposed in 1998 for his part in crimes committed during robberies of banks and armored cars. He argues that the risks from COVID 19, the change in the law applicable to career offender status under the Armed Career Criminal Act, and his rehabilitative efforts provide extraordinary and compelling reasons to grant him relief, and that the sentencing factors support relief. The government objects to Burke's motion.

## Standard of Review

Unless an exception applies, a court may not modify or reduce a sentence after it is imposed. § 3582(c); United States v. Quirós-Morales, 83 F.4th 79, 84 (1st Cir. 2023). The exception to the rule raised here allows the court to reduce a sentence if the prisoner exhausts administrative remedies and the court finds "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with applicable

policy statements." § 3582(c)(1)(A). In addition, the court must consider the sentencing factors provided in 18 U.S.C. § 3553(a), to the extent they are applicable to the circumstances presented. Id.

## Background

Burke, along with five other men, were charged with a series of bank and armored car robberies during the 1990s. "One of the charges--carjacking--arose out of an armored car robbery that took place in Hudson, New Hampshire, during which two security guards were murdered." Burke v. United States, 2014 DNH 210, 2014 WL 4922992, at *1 (D.N.H. Sept. 30, 2014). Burke was convicted of the charges brought against him.

The court found that Burke qualified for enhanced sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Burke was sentenced to life in prison, along with certain additional sentences. Burke, 96-cr-50-SM, doc. no. 984 (D.N.H. May 11, 1998). Burke's convictions and sentences were affirmed on appeal. United States v. Shea, 211 F.3d 658, 676 (1st Cir. 2000). Burke has filed petitions seeking relief under 28 U.S.C. § 2255. See Burke v. United States, 02-cv-90-SM, Burke v. United States, 14-cv-252-SM; Burke v. United States, 21-cv-863-SM.

As of February 2023, Burke was incarcerated at the United States Penitentiary in Atwater, California. While there, Burke moved for appointment of counsel to represent him in filing a motion for relief under § 3582(c), which the court granted, and counsel was appointed. End. Or. Mar. 8, 2023. Counsel filed a motion for relief under § 3582(c)(1)(A) on Burke's behalf.

## Discussion

In support of his motion, Burke contends that he is eligible for early release under § 3582(c) because of the risks presented by COVID 19, including its long-term effects on inmates in the Bureau of Prisons system; because he would not now qualify as a career offender under the ACCA; and because of the changes he has made in his life. He also argues that the sentencing factors under § 3553(a) support his release.

The government objects to Burke's motion based on the amended policy statement issued by the United States Sentencing Commission, U.S.S.G. § 1B1.13 (effective on November 1, 2023). Burke filed his motion on October 31, 2023, one day before the effective date, but the government assumes that the amended policy statement applies retroactively, relying on . The government argues that Burke has not shown an extraordinary and compelling reason to grant relief.

3

A. Amended Policy Statement - U.S.S.G. § 1B1.13

Prior to its amendment, the Sentencing Commission's policy statement in § 1B1.13 was not applicable to motions under § 3582(c) that were filed by prisoners. United States v. Ruvalcaba, 26 F.4th 14, 23 (1st Cir. 2022); see also Quirós-Morales, 83 F.4th at 84. After passage of the First Step Act, the Sentencing Commission promulgated new guidelines applicable to motions under § 3582(c), issued on April 27, 2023, to be effective on November 1, 2023. United States v. Rivera-Rodríguez, 75 F.4th 1, 18 n.22 (1st Cir. 2023) (citing Amendments to the Sentencing Guidelines, U.S. Sentencing Commission (Apr. 27, 2023), https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023). As planned, the amendments became effective on November 1, 2023.

In the interim, for motions filed before the effective date, the First Circuit Court of Appeals directed "district courts to take heed of [the amended policy] when determining whether an individual meets the statute's requirements for such relief." Rivera-Rodríguez, 75 F.4th at 18, n.2. That is, the court is to consider the scope of the new policy statement in § 1B1.13 for that purpose. Quirós-Morales, 83 F.4th at 84.

Here, however, the government argues that the amended version of § 1B1.13 applies to Burke's motion filed before the

4

effective date and bars the relief that Burke seeks.  The government relies on United States v. Feliz, 2023 WL 8275897, at *2 (S.D.N.Y. Nov. 30, 2023), and United States v. Ringold, 2023 WL 7410895 (D. Md. Nov. 8, 2023), where the courts applied § 1B1.13 retroactively.  See also United States v. Lopez, 2024 WL 964593, at *2 (S.D.N.Y. Mar. 5, 2024) ("The amended guidance from the Commission [in § 1B1.13] as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated.")

Other courts that have considered the issue, however, have concluded that the amended version of § 1B1.3 does not apply retroactively.  See, e.g., United States v. Lazo, 2024 WL 748665, at *2 n.4 (11th Cir. Feb. 23, 2024); United States v. Kramer, 2024 WL 313389 at *1, n.3 (3d. Cir. January 26, 2024); United States v. Immel, 2024 WL 965614, at *4 (S.D. Miss. Mar. 6, 2024) ("Courts may use the policy statement as guidance in a motion for compassionate release, but it is not binding on the courts.").  Rather than apply the amended version of § 1B1.13 retroactively, as some district courts have done, this court will follow the direction of the First Circuit and will heed the guidance provided in the new policy statement, § 1B1.13, for the purpose of deciding whether Burke has alleged an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A).

5

See United States v. Soto-Mendez, 2024 WL 980050, at *2–3 (D.P.R. Mar. 7, 2024).

### B. Extraordinary and Compelling Reasons for Relief

Burke contends that he has extraordinary and compelling reasons for relief under § 3582(c)(1)(A) because of the risks associated with COVID 19 in prison, because he would not qualify as a career offender under the current state of the law, and because of his efforts to rehabilitate. The government disputes those grounds for relief.

#### 1. COVID 19

Burke argues that, because of his various health issues and the conditions in prison, he is at higher risk of contracting COVID 19. Then, he argues, if he were to contract COVID 19, he would be at higher risk of experiencing long-term symptoms. He relies on cases decided during the COVID 19 pandemic to support an extraordinary and compelling reason for relief on that basis. See United States v. Ngyuen, 2022 WL 3595090, at *8 (D. Haw. Aug. 23, 2022); United States v. Book, 08-cr-51-GF (D. Mont. May 11, 2022); United States v. Eccleston, 543 F. Supp. 3d 1092, 1119 (D.N.M. 2021).

The serious risk that COVID-19 posed to inmates has abated with the availability of vaccines and boosters and the end of

6

the pandemic.  United States v. Rondón, 2024 WL 964261, at *2 (D.P.R. Mar. 6, 2024) (citing cases); United States v. De Leon-Lozada, 2024 WL 967662, at *2 (D.P.R. Mar. 6, 2024).  Burke does not allege that he has had COVID 19 and is currently suffering from its long-term effects.  Cf. United States v. Miranda, 2021 WL 4592528, at *6 (D.P.R. Aug. 30, 2021).  Instead, he argues that he might get COVID 19 and that, if he did, he would have an increased risk of long-term symptoms.

Given the availability of vaccinations in prison, absent evidence to the contrary, the court assumes that Burke is vaccinated against COVID 19 and has received the periodic boosters.[1]  Even during the COVID-19 pandemic, a prisoner could not establish an extraordinary and compelling reason for relief under § 3592(c)(1)(A), arising from the risk posed by COVID 19, when he had been vaccinated.  United States v. French, 2022 WL 17690089, at *4-*5 (D. Me. Dec. 15, 2022).

---

[1] Burke has not informed the court of his vaccination status.  Burke also provides no information about his current location or the current number of COVID 19 cases in the facility where he is incarcerated.  Based on the most recent information in the record, Burke is or recently was incarcerated at the Bureau of Prisons penitentiary in Atwater, California.  As of March 13, 2024, there were no cases of COVID 19 at that facility.  www.bop.gov/about/statistics_inmate_covid19.jsp. Of the 1294 inmates at Atwater, 787 have been vaccinated.  Those statistics demonstrate a very low risk that Burke might contract COVID 19.

Paying heed to the policy statement in the amended version of § 1B1.13, as is pertinent to Burke's argument, a prisoner may show an extraordinary and compelling reason for relief based on certain medical circumstances.  § 1B1.13(b)(1).  More specifically, an extraordinary and compelling reason exists if the prisoner shows the following:

> **(i)** [he] is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> **(ii)** due to personal health risk factors and custodial status, [he] is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> **(iii)** such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. 1B1.13(b)(1)(B).  Burke has made none of the showings that are required under § 1B1.13(b)(1)(B) to establish an extraordinary and compelling reason for relief.  The guidance of the policy stated in § 1B1.13(b)(1)(B) further supports the court's conclusion that Burke's possible risk of long-term effects from COVID 19 is not an extraordinary and compelling reason for relief under § 3582(c)(1)(A).

    2.   <u>Career Offender Status under the ACCA</u>

Burke was sentenced to life imprisonment as an ACCA career offender under 18 U.S.C. § 924(e).  Relying on <u>Concepcion v.</u>

United States, 597 U.S. 481 (2022), Burke argues that the court may consider intervening changes in the law for the purpose of finding an extraordinary and compelling reason to reduce his sentence under § 3582(c)(1)(A).

In Concepcion, the Court held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." Id. at 500.  Courts that have considered the issue, however, have held that Concepcion did not introduce a new extraordinary and compelling reason for sentence reduction, based on an intervening change in the law.  See, e.g., United States v. Williams, 2023 WL 8868502, at *1 (7th Cir. Dec. 22, 2023) (holding that Concepcion did not concern "the 'threshold question' whether prisoner has established an extraordinary and compelling reason warranting a sentence reduction"); United States v. Stewart, 86 F.4th 532, 535 (3d Cir. 2023) (same); United States v. Rodriguez-Mendez, 65 F.4th 1000, 1003-04 (8th Cir. 2023) (same).

As the government points out, a prisoner's sentence based on career offender status may be challenged based on the intervening changes in the law in Johnson v. United States, 576 U.S. 591 (2015), in a petition under 28 U.S.C. § 2255.  See Shea v. United States, 976 F.3d 63 (1st Cir 2020).  The government contends that even if the issue of Burke's career offender

9

status could provide an extraordinary and compelling reason for relief under § 3582(c)(1)(A), Burke cannot show that his career offender status is undermined by Johnson.[2]

Burke previously filed a § 2255 petition that challenged his career offender status in light of Johnson. Burke v. United States, 17-cv-328-SM, doc. no. 17. Burke argued that one of the predicate offenses used for career offender status was not a violent crime and that he did not qualify as a career offender under the residual clause that had been held to be unconstitutionally vague in Johnson. Id. The court, however, concluded that Burke's argument was precluded by the First Circuit's opinion in United States v. Edwards, 857 F.3d 420, 427 (1st Cir. 2017), and denied Burke's petition. Doc. no. 19 at 5-6. Therefore, the court has previously determined that Burke is not entitled to relief under Johnson, and he makes no new argument here that would support a different outcome.

---

[2] As amended, § 1B1.13 precludes consideration of changes in the law "for purposes of determining whether an extraordinary and compelling reason exists" for relief under § 3582 (c)(1)(A), with one exception. § 1B1.13(c). That exception provides that changes in the law may be considered if the "defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment," "such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed," and consideration of "the defendants' individualized circumstances" supported that determination. § 1B1.13(b)(6). Burke, however, has not argued that the amended provision would apply here.

10

Therefore, Burke has not shown an extraordinary and compelling reason for relief based on an intervening change in the law with respect to his ACCA career offender status.

### 3. Rehabilitative Efforts

Burke also recites the efforts he has made to change and become a better person. He states that he has changed from a life of crime to a "man of peace and civility." Doc. no. 1282 at 4. While Burke's efforts and actions are laudable, they do not provide an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A).

Prior to the amendment of § 1B1.13, rehabilitative efforts and results could not be considered for purposes of an extraordinary and compelling reason to grant relief. United States v. Trenkler, 47 F.4th 42, 48 (1st Cir. 2022). That rule is softened somewhat in the amended version of § 1B1.13, as follows:

> Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. 1B1.13(d). Because Burke does not cite other circumstances to support an extraordinary and compelling reason

11

for relief under § 3582(c)(1)(A), his rehabilitative efforts alone do not qualify him for the relief he seeks.

C. Result

Burke has not made the required threshold showing of an extraordinary and compelling reason to support relief under § 3582(c)(1)(A).

Conclusion

For the foregoing reasons, Burke's motion for relief under § 3582(c)(1)(A) (doc. no. 1282) is denied.

SO ORDERED

_____
Steven J. McAuliffe
United States District Judge

March 26, 2024

cc: Lawrence Vogelman, Esq.
    Seth R. Aframe, AUSA
    U.S. Probation
    U.S. Marshal